**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Deborah Vanderpool f/k/a Deborah Whitehead, 6548 Creon Drive Reynoldsburg OH  43068 | Civil Case Number:  2:13-cv-474 |
| | Judge: |
| Plaintiff, | Magistrate Judge: |
| v. | |
| Sentinel Real Estate Corporation, c/o CSC-Lawyers Incorporating Service 50 W. Broad St., Suite 1800 Columbus, OH 43215 | |
| Fair Collections & Outsourcing, Inc., 12304 Baltimore Ave., Suite E Beltsville, MD 20705 | |
| Defendants. | |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

**JURY DEMAND ENDORSED HEREIN**

**I. PRELIMINARY STATEMENT**

1.  Plaintiff Deborah Vanderpool f/k/a Deborah Whitehead institutes this action for actual

    damages, statutory damages, attorney fees, and the costs of this action against Defendants

    Sentinel Real Estate Corporation and Fair Collections & Outsourcing, Inc. for violations of

    the Fair Debt Collections Practices Act, 15 U.S.C. 1692, *et seq.*, (hereinafter "FDCPA") and

    for violations of Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq.,* (hereinafter

    "CSPA").

1

## II. JURISDICTION

2.  This Court has jurisdiction for the First Count pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. 1692k(d), and 28 U.S.C. 1331 and 1337.

3.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367.

## III. PARTIES

4.  Plaintiff Deborah Vanderpool f/k/a Deborah Whitehead ("Ms. Vanderpool"), is a natural person currently residing within this Court's jurisdiction at 6548 Creon Drive, Reynoldsburg, OH  43068.

5.  Ms. Vanderpool was a natural person allegedly obligated to pay a debt at all times relevant to this transaction.

6.  At all times relevant to this transaction, Ms. Vanderpool was and is a **Consumer** within the meaning of 15 U.S.C. 1692a(3).

7.  Ms. Vanderpool is and was engaged in a consumer transaction with a supplier at all times relevant to this transaction.

8.  At all times relevant to this transaction, Ms. Vanderpool was and is a **Consumer** within the meaning of R.C. 1345.01(D).

9.  Defendant Fair Collections & Outsourcing, Inc. ("FCO") is a company with its principal place of business in the State of Maryland.

10. FCO regularly engaged in collecting on the account of another, at all times relevant to this transaction.

11. At all times relevant to this transaction, FCO was and is a **Debt Collector** within the meaning of 15 U.S.C. 1692a(6).

12. FCO is and was engaged in the business of soliciting and/or effecting consumer transactions at all times relevant to this transaction.

13. At all times relevant to this transaction, FCO was and is a **Supplier** within the meaning of R.C. 1345.01(C).

14. Defendant Sentinel Real Estate Corporation ("Sentinel") is a company incorporated under the laws of New York.

15. Sentinel is the successor and/or parent company of Highland Park Apartments ("Highland"), Ms. Vanderpool's former landlord.

16. FCO acted as Sentinel's agent in its attempts to collect Ms. Vanderpool's alleged debt.

17. Sentinel is and was vicariously liable for the actions of FCO, at all times relevant to this transaction.

## IV. FACTUAL ALLEGATIONS

18. Ms. Vanderpool incorporates all preceding paragraphs as though fully rewritten here.

19. Each action or inaction alleged herein against any Defendant is also an allegation of action or inaction by that Defendant's agents, predecessors, successors, employees, contractors, assignees, and servicers, as appropriate.

20. The actions that gave rise to this lawsuit took place within this Court's jurisdiction.

21. On or around October 31, 2011, Ms. Vanderpool moved out of an apartment that she rented from Highland, located at 2556 Prendergast Place, Apt. 2556, Reynoldsburg, Ohio 43068 (the "Apartment").

22. On or around November 3, 2011, Highland sent Ms. Vanderpool a letter (attached as Exhibit A) indicating that there was damage to the carpet in the Apartment from pet urine and that

she was being charged $936.05 for the damage, a portion of which was covered by her security deposit.

23. Ms. Vanderpool did not own an animal and upon testing a carpet sample, no traces of urine were found (report attached as Exhibit B).

24. On or around July 23, 2012, Ms. Vanderpool filed a Complaint (attached as Exhibit C) in Franklin County Municipal Court Small Claims Division, Case Number 2012CVI-27278 ("Municipal Case") stating that Sentinel was attempting to collect a debt that Ms. Vanderpool did not believe to be valid.

25. The Municipal Case went to trial on November 20, 2012.

26. At trial, Ms. Vanderpool and her husband testified the carpet was free of stains when Ms. Vanderpool moved out of the Apartment.

27. Ms. Vanderpool believes Sentinel claimed the carpet was stained as a ruse to charge her to put new carpet in the Apartment.

28. Unfortunately, Ms. Vanderpool could not afford to hire an expert to testify regarding the lab analysis of the carpet and so the municipal court found the lab report to be inadmissible.

29. On or around December 12, 2012, the Franklin County Municipal Court found that Ms. Vanderpool had failed to prove by a preponderance of the evidence that Sentinel was not entitled to collect the debt.  (Exhibit D.)

30. However, Sentinel failed to raise the alleged debt as a counterclaim in the Municipal Case.

31. The debt Sentinel alleges it is due from Ms. Vanderpool arose out of the same transaction or occurrence as Ms. Vanderpool's Municipal Case.

32. The debt Sentinel alleges it is due from Ms. Vanderpool is logically related to the subject matter of Ms. Vanderpool's Municipal Case.

33. When Sentinel failed to raise the alleged debt as a compulsory counterclaim during the course of the Municipal Case, it waived any right to future attempts to collect the alleged debt.

34. Since December 2012, Ms. Vanderpool has been inundated with phone calls from FCO attempting to collect $920.06 for carpet damage in the Apartment.

35. Despite informing FCO on numerous occasions that she is represented by counsel, and that she wanted FCO to contact her counsel, FCO continued to call Ms. Vanderpool at least once a day.

36. Ms. Vanderpool repeatedly asked FCO to stop calling her.

37. During one phone call in early 2013, when Ms. Vanderpool asked who was calling her, an FCO employee who identified himself as Rich Miller responded by saying "How can you not know who is calling you? I call every day!"

38. FCO told Ms. Vanderpool told her that she had to pay the debt because "she lost in court."

39. FCO has never attempted to contact Ms. Vanderpool's counsel.

40. Ms. Vanderpool suffered severe emotional distress because of FCO's constant phone calls.

41. Sentinel is responsible for FCO's actions through vicarious liability.

**V. FIRST COUNT - FDCPA**

42. Ms. Vanderpool incorporates all preceding paragraphs as though fully rewritten here.

43. The alleged debt arising from Sentinel's senseless decision to replace its carpet, even though it was free of stains, is a debt within the meaning of the FDCPA, 15 U.S.C. 1692a(5).

44. The numerous phone calls from FCO to Ms. Vanderpool constitute communications in an attempt to collect a debt within the meaning of the FDCPA, 15 U.S.C. 1692a(2).

45. FCO violated 15 U.S.C. 1692c(a)(2) by contacting Ms. Vanderpool directly regarding the alleged debt, despite having knowledge she was represented by an attorney with respect to such debt.

46. FCO caused Ms. Vanderpool's telephone to ring incessantly with the intent to annoy, abuse, or harass in violation 15 U.S.C. 1692d(5).

47. FCO contacted Ms. Vanderpool so frequently that the Court may infer FCO's intent to annoy, abuse, or harass in violation 15 U.S.C. 1692d(5).

48. FCO told Ms. Vanderpool the alleged debt was enforceable after Sentinel failed to raise it as a counterclaim in the Municipal Case.

49.  FCO falsely represented the legal status, character, or amount of the alleged debt in violation of 15 U.S.C. 1692e(2)(A).

50. FCO used false and/or deceptive means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. 1692e(10).

51. Ms. Vanderpool has suffered severe emotional distress as a result of FCO's actions.

52. FCO is liable to Ms. Vanderpool under this Count for its FDCPA violations in an amount equal to or greater than: actual damages for each of FCO's violations of the FDCPA, 15 U.S.C. 1692k(a)(1); statutory damages in the amount of $1,000, 15 U.S.C. 1692k(a)(2)(A); and costs of this action and attorney's fees, 15 U.S.C. 1692k(a)(3).

53. Sentinel is vicariously liable to Ms. Vanderpool under this Count for FCO's FDCPA violations in an amount equal to or greater than: actual damages for each of FCO's violations of the FDCPA, 15 U.S.C. 1692k(a)(1); statutory damages in the amount of $1,000, 15 U.S.C. 1692k(a)(2)(A); and costs of this action and attorney's fees, 15 U.S.C. 1692k(a)(3).

## VI. SECOND COUNT – CSPA FOR FDCPA VIOLATIONS

54. Ms. Vanderpool incorporates all preceding paragraphs as though fully rewritten here.

55. At all times relevant to this incident, Sentinel and FCO (collectively "Defendants") were and are subject to the CSPA, R.C. 1345.01, *et seq.*

56. Violating the FDCPA has been determined by a court of this state to violate the CSPA, and that decision was made available for public inspection under R.C. 1345.05(A)(3) prior to this consumer transaction.  *Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003) (http://www.opif.ag.state.oh.us/opifimages/PIF2153.pdf).

57. Defendants' actions described in Count One and the Factual Allegations of this Complaint are each unfair or deceptive acts or practices in violation of Ohio's CSPA, R.C. 1345.02.

58. Defendants' actions described in Count One and the Factual Allegations of this Complaint are each unconscionable consumer sales acts or practices in violation of Ohio's CSPA, R.C. 1345.03.

59. Defendants' actions described in Count One and the Factual Allegations of this Complaint were committed with **knowledge** within the meaning of R.C. 1345.01(E).

60. Ms. Vanderpool's actual damages under the CSPA are equal to the total value of damages under the FDCPA.

61. Defendants are liable to Ms. Vanderpool in an amount equal to three times of her actual damages under FDCPA, pursuant to R.C. 1345.09(B), up to $5,000.00 in non-economic damages, pursuant to R.C. 1345.09(B), and attorney's fees and costs, pursuant to R.C. 1345.09(F) for each violation of the CSPA.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Ms. Vanderpool respectfully prays that this Court:

A.  Assumes jurisdiction of this case;

B.  Grant Ms. Vanderpool the maximum damages she seeks under each of her Counts;

C.  Grant Ms. Vanderpool the maximum statutory damages available under each claim;

D.  Grant Ms. Vanderpool economic and non-economic damages, including actual, emotional, general, punitive, and other damages;

E.  Costs of this litigation, including filing fees;

F.  Attorney's Fees;

G.  Injunctive relief prohibiting Defendants from future violations of the CSPA; and

H.  All other relief the Court deems fair and equitable.

Dated this 17th day of May, 2013.

Respectfully Submitted,
DOUCET & ASSOCIATES, INC.


/s/ Troy J. Doucet
Troy J. Doucet, Trial Counsel (0086350)
*Attorney for Plaintiff Deborah Vanderpool*
4200 Regent Street, Suite 200
Columbus, OH  43219
Phone: (614) 944-5219
Fax:  (818) 638-5548
Troy@TroyDoucet.com

## JURY TRIAL DEMANDED

Ms. Vanderpool respectfully requests a jury trial on all triable issues.


/s/ Troy J. Doucet
Troy J. Doucet, Trial Counsel (0086350)

8